**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LINDA M. P., | ) |
| | ) |
|       Plaintiff, | ) |
| | )   Case No. 17-CV-409-JED-GBC |
| v. | ) |
| | ) |
| ANDREW M. SAUL,[1] Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
|       Defendant. | ) |

**OPINION AND ORDER**

Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Gerald B. Cohn (Doc. 22), plaintiff's Objection (Doc. 23), and the Commissioner's response (Doc. 24). In the R&R, Judge Cohn recommends that the decision of the Commissioner of the Social Security Administration ("Commissioner") denying disability benefits be affirmed.

Pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." The Court's task of reviewing the Commissioner's decision involves determining "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).

---

[1] Effective June 17, 2019, Andrew M. Saul became the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Saul is substituted as the defendant in this action.

The plaintiff's only Objection is that the Residual Functional Capacity (RFC) limitation of "simple instructions" is inconsistent with jobs that require a reasoning level 2. (Doc. 23). The ALJ found the plaintiff had the RFC to perform:

> a full range of work at all exertional levels but with the following nonexertional limitations: She is limited to simple, repetitive, and routine tasks with only occasional contact with the general public, coworkers, and supervisors; and limited to a code 3 noise environment as set forth in Appendix D of the SCO, which is business office where typewriters are used, department stores, grocery stores, light traffic, and fast food restaurants in off hours.

(Admin. Tr., Doc. 11 at 31). The Vocational Expert opined that plaintiff could perform jobs of Document Preparer, Dietary Aide, and Marking Clerk, in light of the RFC. Plaintiff argues that she cannot perform the work of a Document Preparer or Dietary Aide because the Dictionary of Occupation Titles (DOT) requires a General Educational Development (GED) level 3 reasoning, which is inconsistent with the RFC limitations of simple and routine tasks.

The Tenth Circuit has determined there is a conflict between a GED reasoning level of 3 and an RFC that limits a plaintiff to "simple and routine work tasks." *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005). Dietary Aide, DOT 319.677-014, 1991 WL 672771, and Document Preparer, DOT 249.587-018, 1991 WL 672349, both require level 3 reasoning, inconsistent with the ALJ's RFC limitations of "simple, repetitive, and routine tasks." However, Judge Cohn determined that there was no error at step five, because Marking Clerk requires level 2 reasoning, which seems consistent with the RFC. In making that determination, Judge Cohn noted that "the Tenth Circuit has observed in dictum a limitation to 'simple and routine work tasks' appeared consistent with GED level 2 reasoning." (Doc. 22 at 12).

Plaintiff asserts that Judge Cohn's reliance upon that dictum is improper, because the Tenth Circuit has not actually determined that level 2 reasoning is consistent with "simple and routine" RFC limitations. The plaintiff cites *Paulek v. Colvin*, 662 F. App'x 588 (10th Cir. 2016)

(unpublished), in which the Tenth Circuit cited *Hackett* and noted that the issue as to level 2 reasoning has not been resolved:

> [W]e have previously held that a limitation to "simple and routine work tasks . . . seems inconsistent with the demands of level-three reasoning." [citing *Hackett*]. While we have not spoken to whether a limitation to simple and routine work tasks is analogous to a limitation to carrying out simple instructions, the Eighth Circuit has held that a limitation to simple instructions is inconsistent with both level-two and level-three reasoning. *See Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997). An "ALJ must investigate and elicit a *reasonable explanation* for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability." *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999) (emphasis added); *see also Poppa v. Astrue*, 569 F.3d 1167, 1173 (10th Cir. 2009) (noting that SSR 00-4p "requires that an ALJ must inquire about and resolve any conflicts between a [vocational expert's] testimony regarding a job and the description of that job in the [DOT.]").

*Paulek*, 662 F. App'x at 594.

In accordance with the *Hackett* decision, the occupational titles of Dietary Aide and Document Preparer, which require level 3 reasoning, are inconsistent with the ALJ's RFC limitations of "simple, repetitive, and routine tasks." Marking Clerk requires level 2 reasoning, which involves "apply[ing] commonsense understanding to carry out detailed but uninvolved written or oral instructions," "deal[ing] with problems involving a few concrete variables in or from standardized situations." *See* DOT 209.587-034, 1991 WL 671802. Plaintiff notes that the Tenth Circuit has not definitively determined that level 2 reasoning is consistent with RFC limitations of "simple, repetitive, and routine tasks." The Tenth Circuit has cited the Eighth Circuit's decision that a "simple instructions" limitation is inconsistent with level two and level three reasoning, *see Paulek*, 662 F. App'x at 594. It does not appear that the ALJ inquired about or resolved the apparent conflicts between plaintiff's RFC and the jobs of Document Preparer and Dietary Aide (both requiring level 3 reasoning), and Marking Clerk, with level 2 reasoning. Accordingly, the Court determines it appropriate to reverse and remand this case to the

Commissioner for further proceedings in accordance with *Hackett*, *Haddock*, and *Paulek*. On remand, the ALJ shall address any apparent conflicts between the plaintiff's inability to perform more than simple, repetitive, and routine tasks and the level-three reasoning for Dietary Aide and Document Preparer and a potential conflict between that RFC and the level-two reasoning required for Marking Clerk.

For the foregoing reasons, the Court **rejects** that part of the R&R (Doc. 22) recommending affirmance of the ALJ's reliance upon the Vocational Expert's opinion regarding the Dietary Aide, Document Preparer, and Marking Clerk occupational titles without resolving potential conflicts between those occupational titles and the RFC. As the plaintiff did not object to any other portions of the R&R, the R&R is in all other respects **accepted**. This matter is **reversed in part and remanded** to the Commissioner for further proceedings in accordance with this decision. A separate Judgment will be entered forthwith.

SO ORDERED this 1st day of June, 2020.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT